UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VINCENT G. TANNER,

        Plaintiff,

  v.                                                        Case No. 08-C-524

DEPUTY METZ,

        Defendant.

**ORDER**

      Plaintiff Vincent G. Tanner, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his constitutional rights were violated. Tanner is currently incarcerated at the Milwaukee County Jail.

      Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The Court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, Tanner filed a petition to proceed *in forma pauperis* and an appropriate affidavit, indicating that he has no assets. Although he has not yet filed a certified copy of his institutional account statement, the Court received a letter from him on June 19, 2008, indicating that his failure to do so is due to circumstances beyond his control. The Court will, therefore, proceed to screen his complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007) (citing 5 Wright & Miller § 1216, at 233-234); *see also Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003) (Posner, J., sitting by designation) ("Some threshold of plausibility must be crossed at the outset . . . ."). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most

2

favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The Court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Tanner claims that on April 3, 2008, while Defendant Deputy Metz was escorting him from a court appearance to the Milwaukee County Jail, Deputy Metz grabbed him around the neck and threw him to the ground, "kneeing" him in the face repetitively.[2] According to Tanner, he did nothing to provoke the attack, and was in handcuffs and a restraining belt throughout the incident. He claims he suffered injuries to his face, teeth, left arm and left wrist. In addition to alleging Deputy Metz violated his constitutional rights, Tanner also requests that criminal charges be brought against him pursuant to Wisconsin law.

According to his complaint, Tanner filed an inmate grievance with the Milwaukee County Jail concerning the event. It is unclear at this point whether he has appealed any administrative decisions based on his grievance so as to fully exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Because exhaustion is an affirmative defense that must be proved by the Defendant, the Court will proceed to screen Tanner's complaint, but notes that a failure to comply with the requirements of § 1997e(a) as to a claim may ultimately result in its dismissal.

Tanner requests that criminal charges of battery be brought against the Defendant pursuant to Wisconsin law. However, Tanner does not have a constitutional right to have someone criminally

---

[2] Tanner identifies Deputy Metz as the Deputy Sheriff at the Milwaukee County Jail.

3

prosecuted. In *Linda R.S. v. Richard D.*, 410 U.S. 614 (1973), the Supreme Court held that "a private citizen lacks the judicially cognizable interest in the prosecution or nonprosecution of another." The Supreme Court extended this principle in *Leeke v. Timmerman*, 454 U.S. 83 (1981), to apply to the efforts of inmates who under § 1983 seek to bring criminal charges against prison guards who allegedly beat them. *Leeke*, 454 U.S. at 86-87.

Nonetheless, the intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment violative of the Eighth Amendment and actionable under 42 U.S.C. § 1983. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *see Fillmore v. Page*, 358 F.3d 496, 503 (7th Cir. 2004); *Williams v. Boles*, 841 F.2d 181 (7th Cir. 1988). Whenever prison officials stand accused of using such excessive physical force, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." *Hudson*, 503 U.S. at 6. Here, Tanner claims that he was attacked for no valid reason when he was restrained and compliant. He explicitly alleges that there was no justification for the Defendant's actions. Accepting his allegations as true, I find the complaint states a cognizable Eighth Amendment claim.[3]

**IT IS THEREFORE ORDERED** that the Plaintiff's petition to proceed *in forma pauperis* is **GRANTED.**

---

[3] Mindful that complaints are to be liberally construed in the federal courts, especially when a party is proceeding pro se, I find that, although he cites only to the Fourteenth Amendment, Tanner's complaint can be reasonably understood to allege a claim under the Eighth Amendment. Although claims of excessive force may fall within the Fourteenth Amendment's substantive due process clause in a non-prisoner context, Tanner's allegations involve his treatment in custody, and are better understood within the context of the Eighth Amendment's prohibition on cruel and unusual punishment.

**IT IS ORDERED** that the custodian of the Plaintiff or his designee shall collect from the Plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the Plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the Defendant pursuant to Fed. R. Civ. P. 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921. The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. § 0.114(a)(2), (a)(3). Even though Congress requires the Court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed *in forma pauperis*, Congress has not provided for these fees to be waived, either by the Court or the U.S. Marshals Service.

**IT IS ORDERED** that the Defendant shall file a responsive pleading to the Plaintiff's complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden or custodian of the institution where the inmate is confined.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the Court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If Plaintiff does not have

access to a photocopy machine, Plaintiff may send out identical handwritten or typed copies of any documents.  The Court may disregard any papers or documents which do not indicate that a copy has been sent to the Defendant or to the Defendant's attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in § 1915A precludes the Defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the Defendant disagrees with my analysis or believes I have overlooked something during my screening.

Dated this   23rd   day of June, 2008.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge

6

Case 1:08-cv-00524-AEG   Filed 06/23/08   Page 6 of 6   Document 4