# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**VINCENT G. TANNER,**

    **Plaintiff,**

    v.                                                    **Case No. 08-C-524**

**DEPUTY MARK METZ,**

    **Defendant.**

## DECISION AND ORDER

The plaintiff, Vincent Tanner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The case was initially assigned to Judge William Griesbach, who issued an order dated June 23, 2008, granting the plaintiff's motion for leave to proceed in forma pauperis and allowing him to proceed on an Eighth Amendment claim regarding the use of excessive force. On September 4, 2008, the matter was reassigned to this court upon the consent of the parties to the exercise of jurisdiction by the magistrate judge. The defendant then filed a motion for summary judgment, which has been fully briefed by the parties and is ready for resolution.

### I. SUMMARY JUDGMENT STANDARD OF REVIEW

Under Fed.R.Civ.P. 56(c), summary judgment is proper when the pleadings and other submissions filed in the case show that there is no genuine issue regarding any material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). After adequate time for discovery, summary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial. Id. The existence of a factual dispute between the parties will not defeat a properly supported motion for summary judgment unless the facts in dispute are those which might affect the outcome or resolution of issues before the court. See, Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A genuine issue of material fact exists only where a reasonable finder of fact could make a finding in favor of the non-moving party. Id. at 248; Santiago v. Lane, 894 F.2d 218, 221 (7th Cir. 1990). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine need for trial and summary judgment is proper. Matsushita Elec. Indus. Co., Lt. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The moving party has the initial burden of demonstrating that there is no genuine issue of material fact. Celotex, 477 U.S. at 323. Once this burden is met, the non-moving party must designate specific facts to support or defend each element of the cause of action, showing that there is a genuine issue for trial. Id. at 322-23. When the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. Anderson, 477 U.S. at 267; see also, Celotex Corp., 477 U.S. at 324 ("proper" summary judgment motion may be "opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves . . ."); Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleadings; rather, its response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial"). If a plaintiff merely repeats under oath the same general allegations contained in the complaint, this is not enough to convert claims

2

into evidence sufficient to maintain a claim at the summary judgment stage. Wudtke v. Davel, 128 F.3d 1057, 1061 (7th Cir. 1997).

To defeat summary judgment, the non-moving party must engage in more than a mere swearing match. Matter of Wade, 969 F.2d 241, 245 (7th Cir. 1992). While the resolution of factual disputes, the sufficiency of evidence developed from the facts, and the relative credibility of the parties are matters generally left to a jury or fact-finder at trial, summary judgment is nonetheless appropriate where the evidence is so one-sided that one party must prevail as a matter of law. Anderson, 477 U.S. at 251-252. If a party's allegations are based on mere conjecture, and are merely colorable or conclusory, and if the evidence supporting those allegations is not significantly probative as to material facts at issue, denial of a motion for summary judgment is not justified. Id., at 249-50.

## II. FACTS

As the Seventh Circuit noted in a recent decision, a person comparing the plaintiff's version of events with that of the defendant "would be forgiven for thinking that each was recalling an entirely different event." Gonzalez v. City of Elgin, No. 08-2658, 2009 WL 2525565, at *1 (7th Cir. Aug. 20, 2009).

> The standard of review governing summary judgment, however, resolves at least one question: we must accept all facts and reasonable inferences in the light most favorable to the non-moving party - here, the plaintiffs. We do not judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact.

Id.

The plaintiff, Vincent Tanner ("Tanner"), has submitted an affidavit in opposition to the defendant's motion for summary judgment. According to Tanner, he was escorted by the defendant, Deputy Mark Metz ("Metz") from a courtroom to back to 4D in the Milwaukee County Criminal Justice Facility on April 3, 2008. (Affidavit of Vincent G. Tanner, ¶2). Metz asked Tanner about his case, and Tanner responded that Metz "didn't know me to be asking me about my case." Id. at ¶¶4-5. Metz then said that if it was up to him, Tanner would be in the hospital. Id. at ¶6. After this exchange of words, Metz began squeezing Tanner's arm harder. Id. at ¶7. Tanner asked Metz to loosen up on his arm because it was causing the plaintiff physical pain, and Metz told Tanner to "shut up." Id. at ¶¶7-9. Tanner attempted to wiggle the arm Metz was squeezing. Id. at ¶10. He "moved only [his] overly-restrained arm, not [his] entire body. At no time did [he] attempt to push or shove Deputy Metz with [his] body. [He] was restrained with handcuffs and a waist belt." Id. at ¶11. Metz grabbed Tanner from behind around his neck and slammed Tanner on the ground. Id. at ¶12. Metz then "proceeded to knee [Tanner] in the face repeatedly. He did not stop until several other deputies pull him off [Tanner]." Id.

Metz tells a very different story. He avers that Tanner "began making menacing faces" at him while he escorted Tanner from court back to 4D in the Criminal Justice Facility. (Affidavit of Deputy Mark Metz, ¶¶3-4). Tanner then faced Metz and looked as if he were going to attack him. Id. at ¶5. Metz ordered Tanner not to do anything. Id. Tanner moved towards Metz in an aggressive manner and attempted to push Metz with his body. Id. at ¶6. Metz "grabbed Mr. Tanner turning his head away from me and directed him to the ground." Id. at ¶7. Tanner "sustained a slight cut on his forehead." Id. at ¶8. Metz avers: "I held Mr. Tanner's arm as I escorted him to court, but at no time did I engage him in any violent contact until he took an aggressive posture toward me,

4

causing me to direct him to the floor." Id. at ¶10. Metz submits that he "only used the force necessary to end Vincent Tanner's threat." Id. at ¶11.

### III. ANALYSIS

Metz argues that he is entitled to summary judgment because Tanner "fails to establish any evidence that he was deprived of his rights." (Defendant's Brief, p. 2). Metz represents that he "acted in a reasonable and appropriate manner as they dealt with the plaintiff's inappropriate manner." Id. In response, Tanner asserts that there are genuine issues regarding material facts that preclude summary judgment in Metz's favor. (Plaintiff's Brief, p. 1).

The fact that Tanner was a pretrial detainee is critical in determining the source of his constitutional protections. Although Tanner was allowed to proceed on a claim under the Eighth Amendment, it appears that he was a pretrial detainee at the time of this incident. The courts distinguish a pretrial detainee, such as Tanner, from a convicted prisoner. After arrest and during detention prior to conviction, the rights of the pretrial detainee are derived from the due process clause of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Wilson v. Williams, 83 F.3d 870, 875 (7th Cir. 1996). The rights of a convicted prisoner arise from the Eighth Amendment prohibition of cruel and unusual punishment. Id. The Eighth Amendment protections are extended to pretrial detainees through the Fourteenth Amendment. Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001). The due process clause of the Fourteenth Amendment protects the pretrial detainee from any form of punishment. Bell, 441 U.S. at 535-57; Wilson, 83 F.3d at 875.

To prevail on a Fourteenth Amendment claim, a plaintiff must prove that the defendant "acted deliberately or with callous indifference, evidenced by an actual intent to violate [the plaintiff's] rights or reckless disregard for his rights." Wilson, 83 F.3d at 875 (quoting Anderson

5

v. Gutschenritter, 836 F.2d 346, 349 (7th Cir. 1988). "Most of the time the propriety of using force on a person in custody pending trial will track the Fourth Amendment; the court must ask whether the officials behaved in a reasonable way in light of the facts and circumstances confronting them." Wilson, 83 F.3d at 875 (quoting Titran v. Ackman, 893 F.2d 145, 147 (7th Cir. 1990). A number of objective factors are relevant to the determination whether a correctional officer's use of force was utilized with an intent to punish: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the officer; and (5) any effort made to temper the severity of a forceful response. Id. (citing Hudson v. McMillian, 503 U.S. 1, 7 (1992). While a significant injury is not required to establish a claim of excessive force, such a claim cannot be predicted on a de minimis use of force. DeWalt v. Carter, 224 F.3d 607, 620 (7th Cir. 2000) (shoving a prisoner against a door frame, resulting in bruising, was de minimis); see also Hudson, 503 U.S. at 9 (not every push or shove violates a prisoner's constitutional rights).

Metz maintains that there is no evidence that he used excessive force, but Metz's argument fails because Tanner's affidavit is evidence. Lax v. City of South Bend, 449 F.3d 773 (7th Cir. 2006) (The Seventh Circuit remanded an excessive force case after the district court improperly granted summary judgment in favor of defendants where plaintiff's affidavit conflicted with defendants' affidavits; plaintiff's version of the incident as set forth in his affidavit created a genuine issue of material fact.) According to Tanner, he had a verbal exchange with Metz and wiggled his arm because Tanner was holding onto it tightly. (Tanner Aff., ¶¶4-11). In response, Metz slammed Tanner to the ground and then kneed him in the face repeatedly, not stopping until other deputies pulled Metz off Tanner. Id. at ¶12. When viewed in the light most favorable to Tanner, the non-

6

moving party, a reasonable jury could conclude that the evidence constitutes a violation of Tanner's rights under the Fourteenth Amendment. Thus, summary judgment for Metz is not appropriate. The factual dispute between the parties must be resolved at trial.

### ORDER

**NOW, THEREFORE, IT IS ORDERED** that defendant's motion for summary judgment (Docket No. 14) is hereby **denied**.

**IT IS FURTHER ORDERED** that a telephone status conference will be held on Thursday, **September 10, 2009**, at **2:30 p.m.** to discuss further scheduling. The court will initiate the call.

Dated at Milwaukee, Wisconsin this 1st day of September, 2009.

BY THE COURT:

s/AARON E. GOODSTEIN
United States Magistrate Judge